UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD ADRIAN WHITE-EL sui juris, a Private American National, Ex Relatione, in the matter of Gary Dewayne Gold, a living man, Real Party in Interest,<br><br>Petitioner,<br><br>v.<br><br>MARION SUPERIOR COURT 27, ANGELA DOW-DAVIS Judge, in her official and private capacities, KATE SWEENEY BELL Clerk, in her official and private capacities, MARION COUNTY SHERIFF'S DEPARTMENT, INDIANA DEPARTMENT OF CORRECTION,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:25-cv-01055-JPH-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING HABEAS ACTION AND DIRECTING
ENTRY OF FINAL JUDGMENT**

On May 30, 2025, Petitioner, who refers to himself as "White-El, Edward Adrain, sui juris, a Private American National, Ex Relatione, in the matter of Gary Dewayne Gold, a living man, Real Party in Interest," filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1 at 1. Based on the references to Marion Superior Court 27, Judge Angela Dow-Davis, and the year 2019, the Court understands Petitioner to be challenging Gary D. Gold's detention in Indiana criminal cause number 49D27-1905-F4-019721, the case summary of which is available at mycase.in.gov.

For the following reasons, the petition is dismissed as frivolous.

1

## I.    Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *See* Rule 1(b) (allowing district courts to apply these rules to other habeas corpus petitions).

## II.    Dismissal of Petition

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger*, 401 U.S. at 49; *Stroman Realty, Inc.*, 505 F.3d at 662.

In this case, this action must be dismissed as **frivolous**.

As an initial matter, it is not clear who filed this petition on Mr. Gold's behalf. The petition was mailed from an address in Talladega County, Alabama, though Mr. Gold is being held in the Marion County Jail as of June 10, 2025. *See* https://www.indy.gov/activity/find-a-person-in-jail (last visited June 10, 2025).

Regardless, the petition must be dismissed because Petitioner appears to seek relief based on sovereign-citizen-like arguments. *See, e.g.* dkt. 1 at 2 ("The real party in interest, Gary Dewayne Gold, is a living man domiciled on the land and soil of Indiana, and not subject to the statutory jurisdiction of the United States or the State of Indiana, having expatriated from all corporate citizenship, and lawfully reconveyed all rights, title, and interest into a foreign private trust."). The petition argues that the Marion County Court lacks jurisdiction over Mr. Gold. *Id.* The Seventh Circuit has directed lower courts to summarily reject filings pressing such arguments. *McCauley-Bey v. Meuris*, 2022 WL 10555560, at *1 (7th Cir. Apr. 8, 2022) ("[A]rguments that a defendant is sovereign and beyond the jurisdiction of the courts should be summarily rejected, however they are presented.") (cleaned up); *Jon Jones Bey v. Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017) ("We have repeatedly rejected [sovereign-citizen-like] claims."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [] theories of individual sovereignty, immunity from prosecution, and their ilk.").

Accordingly, the petition must be dismissed as frivolous because it is "lack[ing] an arguable basis either in law or in fact." *Felton v. City of Chicago*, 827

F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Rule 4 enables the district court to dismiss a [habeas] petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Accordingly, the action is **dismissed** as frivolous.[1] Because no reasonable jurist would disagree with the Court's resolution of this action, no certificate of appealability shall issue. 28 U.S.C. § 2253(c). Final Judgment consistent with this Order shall issue.

### III.    Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed as frivolous because sovereign-citizen-like arguments are patently frivolous. The motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** because there is no evidence that Mr. Gold is unable to pay the $5.00 filing fee.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 6/12/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Moreover, the Court takes judicial notice that, according to the case summary in 49D27-1905-F4-019721, Mr. Gold pleaded guilty on June 2, 2025, and is scheduled to be sentenced on June 23, 2025. A pretrial detainee's petition for a writ of habeas corpus pursuant to Section 2241 becomes moot when he becomes a convicted offender. *Jackson v. Clements*, 796 F.3d 841, 842-43 (7th Cir. 2015) (per curiam) (collecting cases). Thus, even if the Court were to provide Mr. Gold time to file an amended petition, the matter would be moot under Section 2241 after sentencing.

Distribution:

EDWARD ADRIAN WHITE-EL
3835 Plant Road
Talladega County, AL 35160-9999